| 63 | 225 |
| 71 | 534 |

TAYLOR B. MERCER v. WILLIAM JUSTICE *et al.*

No. 12,338.  (65 Pac. 219.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Lien for Improvements Superior to Mortgage.*
In an action to foreclose a mortgage on real estate, a tax-deed holder who had taken possession and made valuable and lasting improvements under his tax deed was made a party.  His tax deed was declared good on its face, but void for irregularities.  It was based upon a tax sale made subsequently to the giving of the mortgage.  *Held*, that the tax-deed holder was entitled to a lien on the premises for the value of his improvements superior to the lien of the mortgage, and also entitled to an order of the court,

15—63 KAN.

Mercer v. Justice.

upon the foreclosure of such mortgage, that he should not be evicted from said premises until the value of such improvements had been paid in full.

2. ——— *Occupying Claimants—Equitable Orders.* The adjustment of the rights of occupying claimants is a matter of equitable cognizance; and courts may, in addition to the relief provided by statute, and as supplementary thereto, make such orders as are equitable and just in matters not specifically provided for by the statute.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed June 8, 1901. Division one. Affirmed.

*A. D. Neale*, for plaintiff in error.

*W. B. Glasse*, for defendant in error L. Murray Perkins.

The opinion of the court was delivered by

CUNNINGHAM, J.: We desire to pass a word of commendation on the succinct manner in which the attorneys in this case have presented the question of law at issue. Had they presented the facts upon which that question rests as succinctly, their case-made would have been contracted into the space of two or three pages and be an ideal example of what a case-made should be.

1. Statement of the case.

The questions of law in the case are presented by a statement signed by both attorneys, and are as follows:

"The question, and the only question, to be determined by the court of appeals in this case is as follows: Is a purchaser at tax sale, whose deed is afterward, in an action brought to foreclose a mortgage covering the same real estate described in the tax deed, which is dated and recorded in the proper office prior to the issuance of such tax deed, declared to be invalid on account of irregularities

leading up to said sale, and on account of excessive taxes levied upon said real estate, entitled to the value of the improvements placed by him on said property, as against the plaintiff in the foreclosure suit ?

"Is the tax-deed purchaser entitled to a lien upon said property for the value of such improvements superior to the lien of the mortgage?

"Is the tax-deed purchaser entitled to the benefits of article 25, chapter 80, General Statutes of 1889, 'the occupying-claimant law,' in an action brought to foreclose such mortgage ?"

The facts, briefly stated, are these : Mercer held a mortgage on certain real estate, given by Justice and wife, dated April 13, 1889.   He brought an action to foreclose the same, making Perkins a party defendant, and alleging that the latter had some interest in the real estate which was subsequent and inferior to the lien of the plaintiff thereon.   Perkins answered, setting up a tax deed dated September 5, 1894, based upon a tax sale of 1891, and filed for record September 8, 1894.

Upon the trial, the court, finding that this tax deed, though good on its face, was void as an instrument of title, for informalities and irregularities in the tax-sale proceedings, ascertained the amount of the taxes due to Perkins and declared the same to be a first lien on the real estate in controversy, and decreed a foreclosure of plaintiff's mortgage and a sale of the premises, and disposition of the proceeds in accordance with the priorities as found.   The court also listened to evidence showing that Perkins had taken possession of the real estate under his tax deed and made valuable and lasting improvements thereon, and directed that he be permitted to avail himself of the provisions of the occupying-claimant law to ascertain the amount

of such improvements. Afterward, upon due notice, a jury was drawn, as provided in the occupying-claimant act, which duly proceeded to ascertain the value of the improvements, the rental value of the land, the value of the land without the improvements, and returned its findings into court. Whereupon the court made a finding of the amount due to Perkins for his permanent improvements, and also the value of the land without such improvements, and adjudged :

"Said Perkins shall have from the proceeds of the sale of said premises, in addition to the amount heretofore found in his favor as a first lien thereon for taxes and interest, the sum of $324.85, if said premises shall sell for sufficient to pay said sum ; and no writ or process of eviction of said defendant Perkins shall be issued until this judgment shall be paid."

This last part of the court's judgment is the portion that plaintiff in error especially complains of, and insists that the occupying-claimant act does not apply to cases of this character, and that the mortgagee had a right to have his mortgage foreclosed upon the premises as they were, including in the sale upon such foreclosure the permanent improvements placed thereon by the tax-deed holder.

The statute defining the right of the tax-deed holder in possession, who has made valuable improvements, is as follows :

"In all cases, any occupying claimant, . . . being in possession of and holding any land under any sale for taxes authorized by the laws of this state, or the laws of the territory of Kansas, . . . shall not be evicted or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said lands until said occupying claimant, his, her or their heirs, shall be paid the full value

Mercer v. Justice.

of all lasting and valuable improvements made on said lands by such occupying claimant." (Gen. Stat. 1901, § 5088.)

Counsel for plaintiff in error, however, claims that, as the decree of the court did not award possession of the land in controversy to any one, but simply directed its sale, the tax-deed holder in possession may not invoke the provisions of this act to obtain for himself the value of his improvements. In support of this view, counsel cites *Penrod v. Danner*, 19 Ohio, 218, which was a case of partition, and also *Moody v. Arthur*, 16 Kan. 420, a case of quieting title, in both of which it was held that, as the decree did not award possession, the occupying claimant was not entitled then to invoke the aid of the occupying-claimant act. We have no quarrel with these opinions, but fail to see their applicability to the case at bar. To be sure, in this case, technically speaking, the decree did not award possession ; but it set in motion a series of causes which would in the end result as certainly in possession as though it had been awarded. It was important for all concerned, for the best sale of the land and the adjustment of the rights of the parties, that the extent of all claims be ascertained ; and, under the statute quoted, it was the clear right of the tax-deed holder not to be dispossessed until the full value of his improvements had been paid to him. What mattered it that the order of the court was made at that time or later, so long as Perkins, the tax-deed holder, would ultimately be entitled to such order? Plaintiff had brought Perkins into court, alleging that he had some interest in the land, and Perkins was bound to make manifest his entire interest, or be forever barred.

Plaintiff in error further contends that the occupy-

*2. Occupying-claimant act applies to foreclosure.*

ing-claimant act is not applicable to cases of this kind, because it makes the following provision, after the ascertainment of the amount due to the occupying claimant:

"If the successful claimant, his heirs, or the guardians of said heirs, they being minors, shall elect to receive the value without improvements so as aforesaid assessed, to be paid by the occupying claimant within such reasonable time as the court may allow, and shall tender a general warranty deed of the land in question conveying such adverse or better title within said time allowed by the court for the payment of the money in this section mentioned, and the occupying claimant shall refuse or neglect to pay said money (the value of the land without the improvements) to the successful claimant, his heirs or their guardians, within the time limited as aforesaid, then a writ of possession shall be issued in favor of said successful claimant, his heirs or their guardians." (Gen. Stat. 1901, § 5097.)

It is contended that plaintiff, being the successful claimant, cannot elect to receive the value of the land without the improvements, because he cannot tender to the occupying claimant a general warranty deed for it. We see no insurmountable difficulty in this claim. Plaintiff might have tendered an assignment of the mortgage, which was all the title or claim he had, and thereupon demand of the occupying claimant the value of the land without the improvements, up to the amount of his mortgage lien. That amount was all that, as between plaintiff and the occupying claimant, plaintiff was entitled to receive.

But suppose we do find that not all the detailed provisions of the occupying-claimant act are applicable

3. Occupying-claimant's right a matter for equitable cognizance.

to cases of this kind, still we may not for that reason refuse to do equity in the premises. It must be borne in mind

Mercer v. Justice.

that plaintiff brought the defendant into court and demanded that he exhibit the character and extent of his claim, and, the defendant having done this, the court should not stop in the solution of all the questions involved without according full and perfect justice to all. No one will suggest that it would be consonant with justice and equity for the plaintiff to subject to the payment of his mortgage debt the improvements which the occupying claimant had lawfully placed upon the mortgaged premises. In this case these improvements were nearly double the value of the land. What equity would there be in a mortgagee's sitting by and seeing the land covered by his mortgage sold for taxes and permitting such sale to ripen into a deed, under which the tax-deed holder must take possession within a limited time or lose all his rights thereunder, then in such mortgagee's being permitted to appropriate all the improvements of such tax-deed holder to the payment of his mortgage? We cannot assent to such doctrine.

We are not confined in the adjustment of an occupying claimant's rights to the procedure pointed out by our statute; for, independent of all statutes, as a matter of equity cognizance and administration, the unsuccessful occupying claimant had a right to a lien upon the premises which he had made more valuable by his improvements. The rule of equity procedure was that, ''whenever the owner of land was compelled to obtain an account of rents and profits against the occupant, the courts required him in the first place to do equity by paying for improvements made by the occupant in good faith, and under color and claim of title.'' (Jones, Liens, § 1132.) So, in the accomplishment of equity in this action, and independent of any statute, the court should have required that this oc-

cupying claimant be first fully paid; and we do not think that it was going too far, as a matter of purely equity practice, to permit Perkins to retain possession of the premises until this lien had been fully discharged, and especially so, in view of the provisions of the statute quoted giving him the right to retain the possession until the judgment should be paid. It was an appropriate way to insure the rights of the occupying claimant, and perhaps the only efficient way. It did no wrong to the mortgagee; for, as all the interest he had in the land was based upon the value of the land without the improvements, he might easily extinguish the right of the occupying claimant by paying the value of his improvements.

Answering the questions which counsel proposed as succinctly as they are submitted, we hold that a tax-deed holder who has taken possession of mortgaged premises under a tax deed good on its face, but void for irregularities, and has made valuable and lasting improvements thereon, is entitled to a judgment for the value of those improvements, as against the mortgagee, in an action to foreclose the mortgage; that he has a lien on the property for their value superior to the lien of the mortgagee, and is entitled to a decree, in order to enforce such lien, that he be not evicted until such lien be paid in full.

4. Questions answered as succinctly as asked.

The court committed no error and its judgment will be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.