**EASON et al. v. RICE.**

No. 16074—Opinion Filed Dec. 8, 1925.

**1. Appeal and Error — Review of Equity Case—Evidence.**

In a case of purely equitable cognizance the judgment of the trial court will be affirmed unless the same is against the clear weight of the evidence.

**2. Same—Judgment Sustained.**

Evidence examined, and found to fully sustain the judgment of the trial court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by C. T. Rice against William Eason. Charley Eason intervened. Judgment for plaintiff, and defendant and intervener appeal. Affirmed.

H. R. Jacobs, for plaintiffs in error.

C. T. Rice, for defendant in error.

Opinion by RUTH, C. In this opinion C. T. Rice will be designated as plaintiff, William Eason as defendant, and Charley Eason as intervener. Plaintiff obtained judgment in a justice of the peace court against defendant, and on February 16, 1924, filed his abstract of judgment in the district court and issued execution, and on March 11, 1924, the sheriff of McClain county levied said execution on lot 5, block 36, in the city of Purcell, as the property of defendant, and advertised the property for sale on March 14, 1924, and on March 15, 1924, made his return, showing said lot was sold to Edna V. Rice for the sum of $58. On June 2, 1924, plaintiff filed his motion to confirm the sheriff's sale, and on June 7, 1924, Charley Eason filed "exceptions to confirmation," and on July 7, 1924, the court after hearing the evidence confirmed the sale, and defendant and intervener appeal, and assign as error:

(1) Said court erred in admitting evidence on the part of the defendant in error.

(2) Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error.

Defendants do not set out in their brief

the "objections to confirmation", but we gather from the record that it was upon the ground that William Eason conveyed to Charley Eason, about ten days before the judgment was rendered in favor of the plaintiff.

We do not know upon what theory the cause was tried in the court below, but we assume it was tried upon the theory that intervener, who was a nephew of defendant, was an innocent purchaser for value. Defendant excepted to the introduction of evidence on the part of the plaintiff to prove defendant had conveyed other property to his niece while the suit was pending, and now bases his objection upon the statement that the 80 acres conveyed by defendant to his niece was a homestead, and therefore not subject to execution or liable for his debts. There is nothing in the record to show the defendant objected to the introduction of any evidence on this ground, or that defendant was the head of a family, or that the land was a homestead, except that defendant said he lived on the 80 acres so conveyed.

Defendant objected to a question propounded to defendant as follows:

"Q. What did she pay you for it, how much did she (the niece) pay you for it? A. Well, I deeded it to her, I told her to give me $100 for the land, if she finished paying for it. Q. How come you to decide to give away all your stuff just about the time you got sued? Objected to as incompetent, irrelevant and immaterial. Overruled. Exception. A. I wasn't able to work."

It appears from this record defendant owed a doctor bill (amount not stated), and owed plaintiff $18 attorneys' fees, and plaintiff brought action in the justice court, and on the day set for trial in the case of Rice v. Eason, defendant had an attorney in Purcell draw up deeds conveying lots Nos. 5, 6, 7, 8, block 36, in the city of Purcell, to his nephew, the intervener, and an 80-acre farm to his niece. The attorney, after drawing the deeds and after talking to plaintiff, said: "I believe you are just getting rid of your property to keep from paying Doc Colby". The attorney thereupon announced he would have nothing further to do with the deal, and destroyed the deeds he had prepared. Defendant then went to a bank in Purcell and had the deeds prepared by a notary public.

Defendant does not comply with the rules of this court by setting out the evidence admitted over his objection, and a careful examination of the whole record discloses defendant offered in evidence the deed from

William Eason to Charley Eason, the transcript of judgment, the order of sale, and return of the sheriff, and they were all admitted, and defendant and intervener rested.

It is unnecessary to set out the evidence in this case. The plaintiff, Rice, called defendant and intervener as witnesses, also called the tenant living in the house on the lots conveyed, and we are of the opinion that it is conclusively proven by a preponderance of the evidence that the conveyances were made without consideration, and for the purpose of cheating and defrauding the creditors of the defendant, and the evidence fully sustains the judgment of the court in favor of the plaintiff, and confirming the sale, and this court has repeatedly held that in an equity cause this court will examine the entire record and unless the judgment of the court is manifestly against the weight of the testimony, the judgment will be affirmed. Loomer v. Walker, 59 Okla. 44, 157 Pac. 1055; Turben v. Douglass, 79 Okla. 78; 183 Pac. 881; Chestnutt v. Hicks, 55 Okla. 655, 155 Pac. 545; Reuck v. Green, 84 Okla. 131, 202 Pac. 790; Parks v. Roach, 68 Okla. 19, 210 Pac. 402; Bernard v. McRay, 89 Okla. 1, 213 Pac. 82.

A further citation of authorities is unnecessary, and the judgment of the trial court is affirmed.

By the Court: It is. so ordered.

Note.—See under (1) 4 C. J. p. 900, § 2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91. (2) 4 C. J. p. 898, § 2869.