**JOHNSON et al. v. HOOD et al.**

No. 25538. March 26, 1935.

Rehearing Denied July 2, 1935.

P. H. Moroney and E. E. Hanson, for plaintiffs in error.

Lloyd L. Rheam, H. B. Schaeffer, J. J. Southwick, and John V. Beveredge, for defendants in error.

PER CURIAM. Emma Works died intestate in Tulsa county, Okla., on the 26th day of February, 1926, and left as her sole surviving heirs Mildred Works, now Johnson, Sidney Works, and Ella May Works, now Gaines, all minors at the time of her death. She left an estate consisting of some personal property and real estate located in Tulsa county described as lot 6, block 15, Greenwood addition,' and lot 22, block 7, Rosedale addition, to the city of Tulsa. Letters of administration of this estate were issued to Ella Watley, sister of the deceased, on March 1, 1926. The administratrix immediately paid all bills of the estate, left the case in charge of her attorney, and moved with the three minor children to Chicago, Ill.

The defendant, Francis Franklin, another sister of the deceased, was appointed guardian of the estates of Mildred Johnson and Sidney Works. There was no guardian appointed for Ella May Works, now Ella May Gaines. The guardian was a resident at all times involved in this action, in the city of Tulsa, and was residing there at the time of the issuance of the alleged order of sale and sale of the land belonging to said estate.

Thereafter, another sister of the deceased, Muzzy Hood, filed a claim against the estate in the sum of $1,100.50, and immediately thereafter filed a petition for the removal of her sister as administratrix of the estate. The petition was sustained and Ben Kochman was appointed administrator. The

claim of Mrs. Hood was allowed by him and thereafter, and on the 23d day of June, 1927, he filed petition to sell said real estate. On the same day, an order was issued setting the time and place for the hearing of said petition for the 22d day of July, 1927, which order provides for the giving of notice as follows:

"It is further ordered by the court that copies of this order be posted in three public places in this county, one of which shall be at the courthouse where the hearing is to be held; that a copy of this order be served personally upon all persons interested in the estate, guardian of minors, and any legatee, devisee or heir of the deceased who are residents of the county, at least ten days before the date set for said hearing; that copies of said order be mailed to all persons interested in said estate, who are not residents of this county, with postage paid thereon, and if the post-office address be unknown, a copy of this order to show cause shall be published for two successive weeks in some newspaper published in this county, the first publication of such notice shall not be less than 15 days before the time set for said hearing."

From the return of R. A. Stephens, it appears that a somewhat different order was posted in three public places of Tulsa county, one at the courthouse, one at Sixth and Boulder streets, and one at Sixth and Main streets, and that a similar notice, as shown by the affidavit of publication made by Jennie C. Rosson, was published in the Tulsa Daily News. The return shows only the alleged service by publication and by posting.

Thereafter, and apparently on the 22d day of July, 1927, an order of sale was issued July 19, 1927, ordering the sale of said property. Thereafter, according to the proceedings, one J. H. Hood, husband of Muzzy Hood, became the purchaser of said land at sale held pursuant to said order, which sale was later confirmed. Hood afterwards sold part of said property to Laura Tipton, and on the other part of said property he borrowed certain moneys from the United Savings & Loan Association of Tulsa, and executed his mortgage as security therefor to that company. Both Laura Tipton and the United Savings & Loan Association claim to be innocent purchasers, and therefore unaffected by the claims of the plaintiffs.

Plaintiffs seek to set aside the administration proceedings and the administrator's deed on the grounds of fraud, and that the court was without jurisdiction to sell the property, as notice required by the order of court and the statute had not been given.

Eliza Bland filed a disclaimer in the action. J. H. Hood filed an answer consisting of a general denial, and claiming title by and through the probate proceedings. The record does not show service upon A. Haney, or any appearance by him.

From an examination of the entire record, we are of the opinion that both contentions of the plaintiffs are clearly established, but that it is not necessary for us to pass upon the question of fraud, as the probate proceedings pertaining to the alleged sale of the real estate belonging to said estate are void on their face for want of jurisdiction of the county court of Tulsa county to issue the order of sale.

The petition for the sale of real estate was regularly filed and an order setting the time and place of hearing said petition was duly made. That order provided for service upon the interested parties in accordance with the statutes of the state of Oklahoma. This notice, however, was never posted and was never published as required by the order, but a different or changed order was posted and was published. The order also required the mailing of copies of the order to nonresidents, which the record shows was not done. The order also provided for service upon the heirs or guardians of any minors in the county, and the record shows that this was not done. The record clearly establishes that the names and addresses of the heirs and guardians of minors were at all times known to the administrator.

The questions involved in this litigation are set at rest by the decision of this court in Seal v. Banes, 168 Okla. 550, 35 P. (2d) 704, decided May 15, 1934, in which the court held that under the provisions of section 1067, O. S. 1931, the probate jurisdiction of the county court must be exercised in the manner prescribed by statute in order to confer jurisdiction upon the county court to sell the real estate of a deceased person to pay the debts and expenses of administration, and that failure to give the heirs notice of proceedings for the sale of real estate by the administrator and an opportunity to be heard in opposition thereto made the order for sale void.

Failure in the instant case to give notice in accordance with the order of the county court to the heirs residing in Chicago, when known to the administrator, was fatal, as

was also failure to give notice to the guardian of minor heirs, residents of Tulsa.

It is also contended in this case that the recital in the judgment or order of the court that due service of process or notice has been had, is binding in this hearing. It has, however, been repeatedly held that a general finding or recital in a judgment or order of a court of record of due service of process or notice is limited by and restricted to the process or notice, if any there be actually found in the record, and the validity of the judgment or order will depend on the sufficiency of such process or notice and service thereof. Seal v. Banes, supra.

The defects in the service in this case appear from the judgment roll as defined by section 435, O. S. 1931, and an inspection thereof showed such judgment or order of sale to be void upon its face, entitling the plaintiffs to vacate the same at any time. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Caulk v. Lowe, 74 Okla. 191, 178 P. 101.

The order of sale in the instant case being void upon its face, this invalidity constituted notice to all subsequent purchasers or incumbrancers, and the defendants J. H. Hood, United Savings & Loan Association, and Laura Tipton acquired no title by virtue of their alleged conveyances, and should be required to account to the plaintiffs for rents and profits received from said property while in their possession.

For the reasons before stated, this cause should be reversed and the same remanded to the district court for further proceedings in accordance with this opinion. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys F. A. Rittenhouse, Frederick B. Owen, and William P. Thompson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rittenhouse and approved by Mr. Owen and Mr. Thompson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.