## UNITED FEDERAL SAVINGS & LOAN ASS'N et al. v. JOHNSON et al.

No. 27730.   Nov. 23, 1937.

DAVISON, J. This is an appeal by defendants J. H. Hood and United Federal Savings & Loan Association of Tulsa from a judgment of the district court of Tulsa county entered against them.

For a better understanding of the issues here presented, we deem it necessary to relate some of the proceedings had in a former litigation upon which this action is based.

At an administrator's sale, in the estate of Emma Works, deceased, in the county court of Tulsa county, defendant Hood purchased lot 6, block 15, Greenwood addition to the city of Tulsa, and lot 26, block 7, Rosedale addition to the city of Tulsa. Hood sold lot 26, block 7, to Laura Tipton and mortgaged lot 6, block 15, to the United Federal Savings & Loan Association of Tulsa, Okla., hereinafter referred to as the loan company, for the sum of $2,150, which was alleged to have been spent on the property for improvements and delinquent taxes.

Thereafter suit was instituted in the district court of Tulsa county by the heirs of said estate to set the administrator's sale aside for causes alleged in the petition. From a judgment rendered against the plaintiffs, they appealed to this court (Johnson v. Hood, 173 Okla. 108, 46 P. [2d] 533). The judgment of the trial court was reversed. This court held that the probate sale proceedings were void upon their face and that the county court had no jurisdiction to issue the order of sale; that the invalidity constituted notice to all subsequent purchasers or incumbrancers and that Hood, Laura Tipton, and the loan company acquired no title and should be required to account to the plaintiffs for rents and profits received from the property while in their possession. The court thereupon ordered that all future rents be paid into the estate of Emma Works, deceased.

Upon remand of the cause to the trial court, the plaintiffs, Mildred Johnson and others, filed their motion for an order of the court directing that all rents which had been received from the property be paid into the estate of Emma Works, deceased.

The petitions of Laura Tipton, J. H. Hood, and the loan company were all filed setting up their respective rights under the occupying claimant's act, sections 742 to 748, inclusive, O. S. 1931. The plaintiffs filed their response to the petitions, to which defendants replied, thus pre-

H. B. Schaeffer and John J. Southwick, for plaintiff in error United Savings & Loan Ass'n of Tulsa.

John V. Beveridge and J. A. Denny, for plaintiff in error J. H. Hood.

P. H. Moroney and E. E. Hanson, for defendants in error.

'senting the issues for trial in the instant case.

The trial court held that defendant Laura Tipton was entitled to the benefits of the occupying claimant's act, but defendants Hood and the loan company were not so entitled because of the fraud practiced in the county court in procuring the sale. J. H. Hood was found to have collected as rentals from the property, $2,362.04, of which sum he paid the loan company $2,169.27, and was required to account for the difference in the sum of $192.77, for which judgment was given the plaintiffs. The court further found that the loan company had paid general taxes and paving assessments on the property of plaintiffs covered by the mortgage in the sum of $578.21. which .the court found to be a proper credit on the amount received from Hood, this leaving a balance of $1,591.06 due. for which judgment was given against the loan company in favor of the plaintiffs. From this judgment, defendants have 'appealed.

It is the contention of Hood and of the loan company, to whom the rights of .Hood under the occupying claimant's act is claimed to be subrogated under its mortgage, that the judgment of the court is neither supported by the pleadings nor the testimony introduced.

The court found that Hood was not an occupying claimant within the meaning and intent of the occupying claimant statutes of Oklahoma and not entitled to any of the benefits provided by the terms of such statutes. This finding, a's shown in the journal entry. is based upon the fraudulent acts committed by Attorney P. L. Long in deceiving the county court in the sale of the property wherein J. H. Hood became the purchaser; the fraud practiced by Muzzy Hood, the wife of J. H. Hood, in presenting an 'alleged claim of $1,100 against the estate of Emma Works, deceased, which was the basis for selling the property purchased by J. H. Hood; the fraudulent acts of Muzzy Hood in the assignment of the claim to J. H. Hood and of his knowledge of the illegality thereof; the fraud practiced by P. L. Long as attorney of Muzzy Hood and held to be later the attorney of J. H. Hood when he took the assignment. The court held that as to the relation of attorney and client, the rule of principal and agent applies, making all of the fraudulent activities of attorney Long the acts of J. H. Hood.

This action was purely a proceeding under the recommendation of this court in Johnson v. Hood, supra, that an account-ing be made to the plaintiffs for rents and profits, and for the rights of the defendants Mary Tipton, Hood, and the loan company under the occupying claimant's statutes, set up in their petitions.

The plaintiffs filed a response to each petition filed by the defendants, denying their rights under the occupying claimant's law. In none of them was there alleged any fraud against any of the defendants. The defendants' attorneys throughout the trial contended that no fraud had been alleged against the defendants 'and that any testimony of fraud was improper. That contention was agreed to and fully sanctioned by the court, as shown by the record here quoted in part (C.-M. 124):

"The Court: In order to be sure if they want to 'amend the response so as to plead that Hood was guilty of fraud, and likewise that Tipton knew about it, and the United Federal Building & Loan knew about it, I will permit you to do that."

Whereupon the court heard further argument on th'at subject and said:

"The Court: I think you had better frame your pleadings, gentlemen, so as to r'aise this question clearly. They are entitled to know what you are contending. In other words, if Hood was guilty of fraud, what fraud, and if Tipton was guilty of fraud, or if he knew of Hood's fraud. and likewise the United Federal Building & Loan."

Attorneys for defendant loan company moved that all the testimony pertaining to fraud that had been sought to be brought forward from the witness Hood be stricken (C.-M. 125):

"The .Court: I will take that under advisement, if they 'amend their pleadings to bring this issue into the case, then there is no use rehashing . that. Mr. Warren: The defendant Tipton joins the defendant United Savings & Loan in that motion to strike all of the testimony. Mr. Hanson: I don't think it is necessary, your Honor, but I will file a supplemental response. The Court: They are entitled to know just what you 'are contending."

C.-M. 142:

"Mr. Moroney: If the court please, I would like to be clear as to what the court's attitude is as to our pleadings. The Court: They say you haven't pleaded in your response to their claim. that Hood and Tipton and the United Savings & Loan are not entitled to the occupying claiman''s act by reason of fraud that they committed

in connection with the purchase of this property. Mr. Moroney: In other words, we have to amend our pleadings as they stand. * * * Mr. Schaeffer: The order is to amend each one of these responses. The Court: That is right. Mr. Schaeffer: That is to say, if they claim we are not entitled to reimbursement, that they must say it is because of fraud. The Court: That is right."

After other comments by attorneys as to the pleadings and the record, the court said:

"The Court: I am not going to let you go any further on the question of fraud until the pleadings so state."

Thereafter, and on the 12th day of February, 1936, the plaintiffs filed amended separate response to the petitions and claim of the defendant J. H. Hood for the right of occupying claimant. The amended response was a resume of the probate sale proceedings and alleging that J. H. Hood was a party and coconspirator with Long and others in fraudulently alienating the property of the minors by perpetrating a fraud upon the court. The amended separate response to the petition of the loan company and Tipton was by reference and adoption of that filed against Hood. No mention of fraud in connection with the loan company or Tipton was contained in the amendments.

Thereafter, the defendants Hood and the loan company filed their motion to strike the amended response filed by the plaintiffs, and the plaintiffs confessed the motion to strike, and the motion was sustained and the various amendments were stricken.

With this record before us, we are justified in concluding that in so far as the pleadings in the instant case are concerned, there was no fraud pleaded, and any testimony admitted over the objections of the defendants, tending to prove fraud against any of the defendants without specifically alleging same in the pleadings, was error.

It is the contention of the plaintiffs that the matter of fraud was determined by this court in Johnson v. Hood, supra, and that the question of fraud is res adjudicata and applies to the issues in the instant case.

In the Johnson v. Hood Case, the plaintiffs sought to set aside the administration proceedings and the administrator's deed on the grounds that the court was without jurisdiction to sell the property, for the want

of proper notice and on the further ground of fraud. In the body of the opinion the court said:

"From an examination of the entire record, we are of the opinion that both contentions of the plaintiffs are clearly established, but that it is not necessary for us to pass upon the question of fraud, as the probate proceedings pertaining to the alleged sale of the real estate belonging to said estate are void on their face for want of jurisdiction of the county court of Tulsa county to issue the order of sale."

There was no expression by the court as to who committed the fraud nor what acts constituted the fraud, or what connection with or knowledge of, if any, Hood or the loan company had in the commission thereof, or if such fraud could be imputed to either of them. We cannot agree that the question of fraud as determined in the former case is res adjudicata in the instant case.

This court in Re Widener's Estate, 112 Okla. 54, 240 P. 608, held:

"To constitute a good plea of res adjudicata, four essential elements must appear, viz.: (a) Identity of the subject-matter of the action; (b) identity of the cause of action; (c) identity of the persons or parties to the action, and (d) identity of quality or capacity in the persons to be affected thereby. The existence of these elements must be determined as matters of fact from the pleadings, findings, and judgment in the case relied on to create the estoppel."

The opinion of this court in the former case being based upon the want of jurisdiction of the county court of Tulsa county to issue the order of sale, it cannot be successfully contended that it was necessary for the court to find fraud on part of defendant Hood in order to arrive at the conclusion reached.

In the case of In re Assessment of First National Bank of Chickasha, 93 Okla. 233, 220 P. 909, this court held:

"A judgment is conclusive by way of estoppel only as to those facts which were necessarily within the issues, and without proof of which the judgment could not have been rendered."

The trial court held that "there is no direct allegation that Hood was guilty of fraud. The fraud charged is that committed by the administrator and the attorneys. * * * I think Hood was chargeable with any fraud committed by his attorney in the scope of his employment."

There is no allegation in the response filed by the plaintiffs alleging that Hood had an attorney or charging that the attorney of Hood committed fraud while acting in the scope of his employment by Hood or at any other time, or that Hood had any knowledge of any fraud being committed. The mere fact that Hood purchased his wife's claim against the estate of Emma Works, deceased, does not confirm the fact that the attorney for Hood's wife was also the attorney of Hood. It cannot be said that Hood ratified the acts of attorney Long by accepting the administrator's deed.

In the trial of the original suit out of which this action arose, the same court failed to find that defendant Hood participated in the fraud alleged or that same was imputed to him. The court found that Hood is the owner of the fee title to lot 6 in block 15 in Greenwood addition to the city of Tulsa, subject to the mortgage of the United Federal Savings & Loan Association, and that the said loan company has a valid and subsisting first mortgage lien upon said lot 6 named herein. As heretofore shown, that decision was reversed by this court, not because of any fraud in the record, but because of want of jurisdiction of the county court to issue the order of sale. Fraud was fully pleaded in the former suit, but none has been pleaded in this action. There was no additional allegations in the response of the plaintiffs filed in the instant case, nor additional evidence upon which to enable the court to arrive at such findings.

The provisions of the statute (section 742, O. S. 1931) relative to the rights of occupying claimants provide in part:

"* * * And the purchasers thereof having obtained title to and possession of the same without any fraud or collusion on his part, shall not be evicted***until said occupying claimant or his heirs shall be paid the full value of all lasting and valuable improvements made on such land * * * and all taxes paid thereon."

The question of fraud not being an issue in this case and the trial court having agreed that same was not pleaded, we must conclude that there was neither allegation in the pleadings nor testimony introduced that would justify the findings of the trial court in its conclusions that Hood was not entitled to the benefits of the occupying claimant's statutes of Oklahoma, and therefore hold that the court erred in so holding.

We come now to the consideration of the rights of the defendant loan company. While it cannot be said that the rights of the loan company came strictly within the provisions of the occupying claimants statute, we agree with the contention of the loan company that its claim does come within the sphere and scope of the equitable rights of the parties under said statutes, wherein the court may render complete relief of all the parties of interest in adjusting their rights for rents, profits, and improvements made on the premises and taxes paid on the property. Standifer v. Morris, 25 Okla. 802, 108 P. 413. It is not disputed that a substantial part of the consideration paid by the loan company to Hood for the mortgage on the property was spent by Hood in improvements upon the property involved.

The mandate of this court in the former suit required the defendants "to account to the plaintiffs for rents and profits received from said property while in their possession." The record does not show that this defendant collected any rents or profits from the property, unless it be that payments on the loan by Hood to the defendant was out of the exact funds that Hood received as rents and profits from the property in his possession and would constitute such collection of rents. The pleadings disclosed no notice or issue from which the defendant would be informed that plaintiffs would seek to recover the various payments made to the defendant by Hood on the note and mortgage obligation. The plaintiffs proceeded upon the theory that they had a right to recover the loan payments made by Hood to the loan company on its note and mortgage, regardless of whether these payments were made from the exact money received by Hood, as rents and profits, or what disposition was made of such payments by the loan company. Defendant Hood was considered as a trustee holding for the use and benefit of the plaintiffs, and upon the further theory that such money was the property of the plaintiffs and that when the loan company accepted the payment on its loan it had absolute or constructive knowledge of such facts. We are unable to agree with this contention. We think, under the issues and facts here presented, this defendant is entitled to reimbursement under the doctrine of equitable subrogation and equitable assignment and that it is substituted or subrogated to the rights of defendant Hood for improvements placed upon the

property to the extent of its claim, and to the rights of the holders of various claims paid by the defendant for the protection and preservation of the property upon which the defendant held a mortgage.

It is but just and well within the maxim, "He who seeks equity, must do equity", that in a court of equity where the rightful owner of land seeks the aid of equity to recover his land, he must first repay the occupant for the value, as then shown, of all lasting and valuable improvements placed upon the land by such occupant and those through whom he claims.

In Mercer v. Justice, 63 Kan. 225, 65 P. 219, that court held:

"The adjustment of rights of occupying claimants is a matter of equitable cognizance; and the courts may, in addition to the relief provided by statute and as supplementary thereto, make such orders in such cases as are equitable and just in the matters not specifically provided for by the statute."

This holding was quoted with approval by this court in Standifer v. Morris, 25 Okla. 802, 108 P. 413; Reuck v. Green, 84 Okla. 131. 202 P. 790, and is well within the holdings of this court in its later decisions in Katter v. Rodgers, 107 Okla. 116, 230 P. 500; Landis v. State ex rel. Commissioners of the Land Office, 179 Okla. 547, 66 P. (2d) 519; Watson v. Butler (McCree v. Local Building & Loan Association), 170 Okla. 350, 40 P. (2d) 653.

We are inclined to think that the trial court entirely misconstrued the mandate of this court in the former suit, referred to herein, in requiring this defendant to account to plaintiffs for all payments made by defendant Hood to it on its note and mortgage, without proof that this defendant ever had possession of the premises, and when it was undisputed that the bulk of the money received by Hood from the defendant loan company on the note and mortgage was used by Hood in improving the property.

"In cases of purely equitable cognizance it is the duty of this court to consider the whole record, to weigh the evidence, and when the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as the trial court should have rendered." Dieterle v. Clum, 130 Okla. 5, 264 P. 887; Burke v. King, 176 Okla. 625, 56 P. (2d) 1185.

The judgment of the trial court is re-

versed and the cause remanded, with instructions that the court proceed further in accordance with the views herein expressed.

OSBORN, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.