ROBINSON et al. v. SPITTLER.

No. 30503. Sept. 22, 1942.

*129 P. 2d 181.*

T. G. Carr and Tom Finney, both of Idabel, for plaintiffs in error.

Geo. T. Arnett, of Idabel, for defendant in error.

GIBSON, J. This action was commenced in district court by defendant in error against plaintiffs in error to recover damages as provided by 23 O. S. 1941 § 72, for the alleged unlawful cutting and removal of timber from plaintiff's land. Judgment was rendered against the several defendants on separate verdicts, and they appeal.

One Van Tress was the record owner of the premises in question, but the plaintiff was the actual owner by reason of a deed executed by Van Tress which was not recorded. Van Tress died a resident of another state and the defendant Luther Calahan became the administrator of his estate in an ancillary proceeding in this state. Luther Calahan was also manager of the defendant Idabel Abstract Company. Calahan, knowing that plaintiff was the owner of the land, sold, or attempted to sell, the timber at administrator's sale to the defendant Robinson and one Nutt for an actual consideration of $400. Robinson and Nutt went upon the premises under the administrator's deed and cut and removed 100,000 feet of timber. Robinson then sold his interests to Nutt, and the latter cut and removed an additional 100,000 feet.

Plaintiff alleged that the defendants were conjoint trespassers or wrongdoers in the removal of the timber and sought damages in an amount equal to three times the value thereof as provided by the statute, supra.

Defendant Robinson alleged that he was an innocent purchaser under the administrator's deed. The remaining defendants disputed plaintiff's title and placed in issue all other allegations of the petition.

The defendants moved separately for an instructed verdict, and were overruled. Verdict was returned against Robinson for the sum of $400, representing the actual value of the timber removed by him. This verdict was rendered pursuant to the instructions of the court to the effect that the administrator's sale was void, but that Robinson was wholly innocent of any wrongdoing. The jury was instructed to limit its verdict to the actual value of the timber removed by Robinson. Verdict was returned against the other defendants in a sum equal to three times the value of the timber removed by both Robinson and Nutt. Each verdict was for $2,400, and judgment was rendered accordingly.

Each defendant says the court erred in overruling the request for directed verdict.

Considering first the request of the Idabel Abstract Company, there is no evidence in the record to indicate that the sale of the timber to Robinson and Nutt was procured by it. On one or more occasions said company, acting through its manager, Calahan, attempted to purchase the timber from Spittler or to act as his agent in the sale thereof, but, according to the evidence before us, the sale to Robinson and Nutt was procured by Calahan, acting wholly as administrator of the estate of Van Tress, deceased. The company received no benefit from the sale so far as we can ascertain from the record. As to this particular defendant, the court erred in not sustaining its motion for directed verdict.

As to the defendant Robinson, the instructions of the court were clearly correct. He was innocent of any intentional wrongdoing, but the administrator's sale was void on its face, as the jury was told, and the court refused to penalize him. The record clearly indicates that the jury charged him with 100,000 feet of lumber at $4 per thousand. This was wholly in accord with the evidence.

There is some argument on the part

of defendant Robinson that the administrator's sale was valid and that he and Nutt were innocent purchasers for value. But we are of the opinion that the sale was void on the face of the record and therefore passed no title, and was vulnerable to attack in a collateral action. The deed passed no title in the timber. Therefore, it could not shield Robinson as an innocent purchaser.

We are aware of no procedure for the sale of growing timber on the lands of a decedent's estate other than that provided by statutes for the sale of real property (58 O. S. 1941 § 411 et seq.). The record of the sale in this case shows that few, if any, of the statutory requirements were observed. The petition was unverified (sec. 412); only three days expired between the date of the petition and the sale and execution of the deed, notwithstanding the requirement that notice of sale be published for two successive weeks, and posted as well (sec. 421). There were other irregularities and omissions, but the failure to give notice of sale was sufficient in itself to render the sale void for want of jurisdiction. This omission appeared on the face of the record, and therefore the order confirming sale was subject to collateral attack in this action.

Proceedings for the sale of the realty of a decedent's estate, and standing timber is realty, are adversary in nature so far as the heirs are concerned, and notice upon them as required by law is jurisdictional in the absence of voluntary appearance. In such case the general finding that due notice was given is refuted by the fact that the record itself reveals insufficient notice, and such finding will not cure the jurisdictional defect. Seal v. Banes, 168 Okla. 550, 35 P. 2d 704. We there held as follows:

"Proceedings for the sale by an administrator of the real estate of the decedent are not proceedings in rem, but are, so far as the heirs are concerned, adversary; and notice to them is jurisdictional.

"A general finding or recital in a judgment or order of a court of record, of due service of process, or notice, is limited by and restricted to the process or notice, if any there be, actually found in the record; and the validity of the judgment or order will depend on the sufficiency of such process or notice and service thereof."

Robinson contends further that the court erred in refusing his requested instruction to the effect that if he purchased the timber in good faith for value, believing that the estate of Van Tress owned the land, then the verdict should be in his favor.

This request was properly refused. The sale proceedings were void on the face of the record, and therefore could not protect Robinson as an innocent purchaser.

Defendant Calahan contends that the evidence was insufficient to support a verdict against him.

This contention is based on the theory that in order for one to be liable in damages for the removal of growing timber he must actually participate in the removal. As authority he cites Fordson Coal Co. v. Kentucky River Coal Corporation, 69 Fed. 2d (6th C. C. A.) 131. That case would seem to support the argument. The action arose under the laws of Kentucky, and in following the rule obtaining in that state the court held that a vendor who did not commit trespass upon the land nor cut or remove timber therefrom, but merely sold the timber thereon to another, was not liable to the actual owner in an action of trespass for the value of the timber taken by a remote grantee, nor for damages growing out of its removal. It was there said that the vendor's liability could arise only out of his contract of sale or deed of conveyance, and that there was no privity of contract between the vendor and the landowner in such case.

And in 63 C. J. 934, § 77, it is said that one who merely sells property to which he has no title is not liable for trespass committed by his vendee. But that statement is qualified to the extent that if the vendor authorizes the trespass he is liable with the vendee.

The general rule applied in cases of this character is stated in 63 C. J. 935, § 80, as follows:

"The general rule is that all who wrongfully contribute to the commission of a trespass or assent to its commission or connive therein, or who aid, abet, assist, or advise a trespasser in committing a trespass are equally liable with the one who does the act complained of."

It is said further in the text cited that the persons ordering or authorizing an act are jointly liable with those who do it. The authorization seems to satisfy the essential element of cooperation and concert of action between the parties in such case.

The holding in Fordson Coal Co. v. Kentucky River Coal Corporation, supra, seems out of harmony with the weight of authority in timber cases. It is held in most jurisdictions that a conveyance of timber or a license to cut and remove constitutes an authorization by the vendor or licensor to the vendee or licensee to cut and remove the same, and that such vendor or licensor who knows that he has no title to the timber is a joint trespasser with his grantee or licensee who removes the timber. See L. R. A. 1918D, 220, where it is said:

"The results of the timber cases seem to lead to the conclusion that he who assumes to sell timber on another's land, or the right to cut it, will be liable for the trespass of the purchaser in cutting it."

And in Sanborn v. Sturtevant, 17 Minn. (Gil.) 174, is stated the rule which we believe to be sound, and more suitable and just in such case. It reads as follows:

"One who, without the owner's consent, sells the right to cut trees standing and growing on the land of another, is liable for the trespass committed by his purchasers in cutting and removing them, and a claim or color of title (as a void tax deed) is no justification."

We hold, therefore, that one who conveys standing timber without the consent of the owner is liable for the trespass committed by his vendee in cutting and removing it, and if such conveyance is made with full knowledge on the part of the grantor that he was not the owner of the timber, and was without authority to convey, said grantor is liable to the owner in the amount equal to three times the actual detriment suffered, sec. 72, supra.

The evidence fully supported the verdict against the defendant Calahan.

It is next contended that the evidence was insufficient to support the verdict against the estate of Van Tress, deceased.

There was evidence to support a judgment against said estate to the amount which it profited illegally, the sum of $400. A decedent's estate is never liable for the wrongful acts of its personal representative beyond the amount to which it profited thereby. See 24 C. J. 741, 742, §§ 1826, 1827. The pleadings and the evidence are sufficient to warrant recovery against the decedent's estate in the sum aforesaid.

The evidence clearly shows without serious dispute that the amount of timber cut and removed was 200,000 feet, 100,000 by Robinson and Nutt, and 100,000 by Nutt alone, at a value of $4 per 1,000 feet, or a total of $800. The deed of conveyance executed by Calahan constituted an authorization to Robinson and Nutt to remove the timber. Under the statute aforesaid Calahan was liable in three times the value of the timber.

We are of the opinion that the record before us will justify final disposition of this cause without the necessity of a new trial. The judgment must be reversed as to the defendant Idabel Abstract Company and the cause as to it dismissed. The judgment must be affirmed as to the defendants Calahan and Robinson, and modified as to the estate of Van Tress, deceased, and limited to the sum of $400, and, as so modified, affirmed.

The cause is remanded to the trial court, with directions to proceed in ac-

cordance with the views above expressed.

RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and OSBORN and ARNOLD, JJ., concur in conclusion. WELCH, C. J., absent.