Edwin E. PEASE and Leora M. Bone, nee Pease, Plaintiffs in Error,

v.

Earl STAMPS, Defendant in Error.

No. 38385.

Supreme Court of Oklahoma.

March 22, 1960.

David H. Sanders, Bert McElroy, Kent R. Blaine, Tulsa, for plaintiffs in error.

Poe, Murdock & Langford, Tulsa, for defendant in error.

JACKSON, Justice.

This is an action by allegedly fraudulently omitted heirs to avoid a sale of decedent's realty by administrator to defendant, and to quiet title in plaintiffs as to a one-half interest in said realty. From order of trial court sustaining demurrer to plaintiffs' petition, and judgment for defendant, plaintiffs appeal.

Under allegations of the petition, plaintiffs Edwin E. Pease and Leora M. Bone, nee Pease are brother and sister of Milton A. Pease, deceased, who died intestate on April 11, 1952. His estate was duly probated, and the final decree, dated February 13, 1953, found that he died without issue, leaving a surviving spouse, Virgie W. Pease; that his estate was acquired by the joint industry of said deceased and Virgie W. Pease during coverture, and that the said Virgie W. Pease was his sole heir at law and entitled to the whole estate. Among the assets of the estate distributed to Virgie W. Pease were certain lots in an addition to the City of Tulsa, Oklahoma.

Virgie W. Pease died intestate on February 12, 1955, without selling or otherwise disposing of said lots, and plaintiffs allege that they are entitled to a one-half interest therein under provisions of Title 84 O.S. 1951 § 213, second paragraph, which reads, in part, as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor,

at whose death, if any of said property remains, one-half of said property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

We held in Griffin v. Dohner, 199 Okl. 676, 189 P.2d 933, that upon the death of the surviving spouse, the heirs of the spouse first dying are heirs of the survivor.

On February 16, 1955, one Floyd Walker, former guardian of Virgie W. Pease, deceased, filed his petition praying that he, or some other suitable person, be appointed as administrator. In said petition, he listed the names and addresses of the heirs at law, "so far as known to your petitioner", which included a sister, two half-sisters and three half-brothers of the decedent, but did not include plaintiffs.

Notice of hearing of said petition for letters of administration was duly given by mailing to the heirs at law listed therein, and by publication.

One of the heirs listed filed an objection to the petition of Floyd Walker and prayed that she, as the full sister of decedent, be appointed administratrix.

On February 18, 1955, one Calvin L. Wilkinson filed his petition for probate of a will of said decedent and issuance of letters testamentary to petitioner, which was contested by four of the listed heirs, who joined in the petition of Floyd Walker for letters of administration.

Upon hearing, the court entered its order on March 3, 1955, denying will to probate and appointing Floyd Walker as administrator.

On April 7, 1955, said administrator filed petition to sell the realty of deceased, consisting of the aforementioned lots, for the purpose of paying debts and costs of administration, listing therein the same heirs at law as in his petition for appointment as administrator. Notice of hearing said petition for sale of realty was served on or mailed to the heirs at law listed, and was also published, as provided by law. Said realty was thereafter sold to Earl Stamps, defendant herein, the proceeds applied to the payment of debts and costs of administration, and the residue distributed to the heirs at law listed, who were determined to be the only heirs at law of said deceased, by final decree entered December 19, 1955.

In their amended petition filed August 23, 1957, plaintiffs allege, in substance, that the successful heirs of Virgie W. Pease, deceased, knew of the existence and whereabouts of plaintiffs, and fraudulently omitted plaintiffs from the probate proceedings, by reason of which extrinsic fraud plaintiffs "were given no notice of said proceedings"; that said proceedings, including the sale of the lots to defendant, were void as to plaintiffs. The relief demanded is that plaintiffs, as heirs of Milton A. Pease, deceased (the spouse first dying), each be adjudged to be the owner of a one-fourth interest in the realty sold by the administrator to defendant, and for possession and an accounting of rents and profits.

This somewhat extended recital of facts will, we think, facilitate our brief consideration of the specific questions presented, which we apprehend to be, as follows:

1. May the sale of decedent's realty by the administrator to defendant be avoided by plaintiffs on the ground that plaintiffs did not receive due notice thereof?

2. May the sale of decedent's realty by the administrator to defendant be avoided by plaintiffs on the ground of extrinsic fraud practiced by the successful heirs, there being no fraud alleged on the part of the administrator or defendant-purchaser?

In considering the first question, we shall first review the statutory provisions pertaining to requisites of petition for administration, and notice of hearing thereof, and to petition for sale of realty, and notice of order to show cause.

58 O.S.1951 § 127, provides in part, as follows:

"Petition for letters of administration must be in writing, signed by the applicant or his counsel, and filed with the judge of the court stating the facts

essential to give the court jurisdiction of the case, *and when known to the applicant, he must state the names, ages and residence of the heirs of the decedent, * * *.*" (Emphasis added.)

58 O.S.1951 § 128, as amended Laws 1953, p. 234, Sec. 12, provides, in part, as follows:

"When a petition praying for letters of administration is filed, the judge of the county court must set a day for hearing the same and cause notice thereof to be given, containing the name of the decedent, the name of the applicant for letters, and the day on which the application will be heard; said notice must be given by posting the same in three (3) public places in the county, one (1) of which shall be at the courthouse in which said hearing is to be held; and a copy of the same shall be mailed to each of the heirs of the deceased with the postage thereon prepaid. *If the post-office address of any of the heirs is unknown, notice of said hearing shall be given by publishing the same in some newspaper published in said county at least ten (10) days before the day set for said hearing: * * *.*" (Emphasis added)

58 O.S.1951 § 412 provides, in part, as follows:

"To obtain an order for the sale of real property, he (administrator) must present a verified petition in the county court, or to the judge thereof, setting forth * * *; *the names of the legatees and devisees, if any, and the heirs of the decedent, so far as known to the petitioner."* (Emphasis added)

58 O.S.1951 § 414, as amended Laws 1953, p. 238, Sec. 29, provides, in part, as follows:

"The county judge shall cause copies of the order to show cause to be published for ten (10) successive days if published in a daily newspaper, or if published in a weekly or bi-weekly newspaper it must appear therein on two (2) different days. Such publication shall be in a newspaper published in the county; if there is none, then copies of order shall be posted at three of the most public places in the county, one of which shall be at the courthouse in which said hearing is to be had. A copy of said order shall be personally served by any person disinterested in said estate on any general guardian of a ward who is an heir, legatee or devisee, and on any heir, legatee or devisee, who is a resident of the county, at least ten (10) days before the time set for said hearing. Copies of such order shall be mailed to all such persons who are not residents of the county at their last known addresses. * * *.*"

■ Under the above-quoted statutory provisions, it is clear that the duty of the administrator, in applying for letters and in petitioning to sell decedent's realty, is to list the names and addresses of the heirs, "so far as known to the petitioner", and that service by publication is authorized as to those heirs who are unknown to the administrator.

In Bancroft's Probate Practice, 2nd Edition, Sec. 45, p. 116, 117, the author states:

"An administrator, for example, owes heirs of the estate no further duty in the matter of notifying them of proceedings, or of his own appointment as administrator, or even of the death of the decedent, than that which is afforded such heirs through the notices required by law to be given in the course of administration. Such notices, having been duly given, constitute constructive notice as to the death of the decedent and as to all proceedings, including distribution, taken and had in the course of administration of the estate. By the giving of such notice as the statute requires the court acquires jurisdiction over the estate and over all persons for the purpose of determining their rights to any portion of the estate. Every person who may

assert any right or interest is required to present his claim to the court for its determination and whether he appears and presents his claim or fails so to appear the action of the court is equally conclusive upon him."

We held, in Gassin v. McJunkin, 173 Okl. 210, 48 P.2d 320, that service by publication as provided by statute was binding on a pretermitted heir, in the absence of extrinsic fraud. The United States Supreme Court, in Mullane v. Central Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, stated that a statutory provision for notice by publication was not subject to due process objections insofar as it concerns beneficiaries whose interest or addresses were *unknown to the trustee.*

Plaintiffs cite Seal v. Banes, 168 Okl. 550, 35 P.2d 704, and Johnson v. Hood, 173 Okl. 108, 46 P.2d 533, 534, in which we held that proceedings for the sale of a decedent's realty by an administrator are adversary as to the heirs, and that failure to give notice by personal service and mailing as required by law rendered such sale void. In both of those cases, however, *the heirs were named in the proceedings, and the record showed on its face that the statutory notice was not given.* In Johnson v. Hood, supra, citing Seal v. Banes, supra, we said:

"The record clearly establishes that the names and addresses of the heirs and guardians of minors were at all times known to the administrator.

\* \* \* \* \* \*

"Failure in the instant case to give notice in accordance with the order of the county court to the heirs residing in Chicago *when known to the administrator* was fatal, \* \* \*." (Emphasis added.)

We are, therefore, of the opinion and hold that under the allegations of the petition the administrator complied with the applicable statutory provisions in his petition for appointment and for sale of decedent's realty, and that the notice by publication had in those proceedings constituted valid and sufficient notice to plaintiffs of said proceedings, for the reason that the identity and whereabouts of plaintiffs were unknown to said administrator.

Having concluded that said sale was not void as to plaintiffs for lack of statutory notice, or due process, we turn now to the final question, whether such sale is voidable on the ground of fraud committed by the successful heirs, no fraud being alleged against the administrator or defendant purchaser.

Putting it simply, plaintiffs seek relief from a judicial sale or proceeding against one party because of the alleged fraud of other parties, who are not parties to this action.

In Freeman on Judgments, Sec. 1238, page 2580, the author states:

"To constitute grounds for equitable relief the fraud must ordinarily have been that of the adverse party, or someone for whose misconduct he was responsible, as his attorney or agent."

We have already seen that in a proceeding to sell decedent's realty, the administrator is an adversary as to the heirs. Seal v. Banes, supra. He is in no sense their agent.

In King v. Salyer, 172 Okl. 130, 44 P.2d 11, decedent died intestate, and one May Salyer, a sister of the decedent, filed in the county court her petition for letters of administration, naming herself and her brother, Haskell King, as the only heirs at law. During the pendency of the probate proceedings, one E. D. King, father of decedent, filed a petition therein, alleging that fraud had been perpetrated upon the court for the reason that it was falsely stated in the petition for letters of administration that he was dead. He further averred that he had neither knowledge nor notice of the filing of the petition for letters of administration or of the hearing thereof. The relief sought was that the order appointing May Salyer administratrix be vacated and

set aside, and that he be adjudged to be the sole and only heir of the decedent. His petition was denied by the trial court.

On appeal, we stated that the question of fact upon which the issue of fraud depended was: "Did May Salyer at the time she procured her own appointment as administratrix of her brother's estate know that her father was alive?" After noting that there was a sharp conflict in the evidence, May Salyer having testified that she did not recall ever having seen her father prior to the time he appeared to enter this litigation, and that she had been reared as a child to believe him dead, we concluded that the record amply supported the finding that her misstatement of fact was unintentional and not fraudulent.

It was also urged that Haskell King, the brother of the decedent, who was named by the administratrix, May Salyer, as the only heir other than herself, knew his father was alive. Regarding this contention, we said, at page 13 of the Pacific Reporter opinion, in affirming judgment of the trial court.

"Assuming that he did, *his knowledge would have no legal effect unless he communicated the same to his sister,* thereby advising her of the incorrectness of the statement respecting her father's status contained in her petition for appointment. There is no evidence of such a communication." (Emphasis added.)

Plaintiffs having alleged no fraud on the part of the administrator or defendant purchaser, nor knowledge of either of the alleged fraud of the successful heirs, their petition states no cause of action for relief herein. The fraud of the heirs is not legally imputable to the administrator. It follows that the trial court did not err in sustaining the demurrer to the petition, and in rendering judgment for defendant.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and BERRY, JJ., concur.