**532**

Roberta Lee WALDMANN, Appellee,

v.

Peter Dean WALDMANN, Appellant.

No. 49644.

Court of Appeals of Oklahoma,
Division No. 1.

April 5, 1977.

Rehearing Denied May 3, 1977.

Certiorari Denied July 22, 1977.

Released for Publication By Order of
Court of Appeals July 28, 1977.

B. Hayden Crawford, Tulsa, for appellee.

Johnson & Fisher by Ted R. Fisher, Tulsa, for appellant.

BOX, Judge.

An appeal from the granting of a Writ of Habeas Corpus in favor of appellee, petitioner in the trial court, against appellant, respondent in the trial court, to obtain custody of the minor son of the parties.

Kurt Waldmann is the minor child of the parties. On October 28, 1969 the Superior Court of Arizona, County of Maricopa, granted a divorce, awarding custody of Kurt to appellee. Appellant was ordered to pay $200 per month child support. Subsequent to the divorce, appellant moved to Tulsa where he has continued to reside. Appellee and the child resided for a short time in New York; however, since August, 1975 both have been domiciled in California.

In 1971, while appellee still resided in New York, she filed a cause of action, Number JFRC–71–98, for support pursuant to the Uniform Reciprocal Enforcement of Support Act. Appellee filed her petition originally in New York which was then transmitted and filed in the District Court of Tulsa County under 12 O.S.1971, §§ 1600.1 et seq. She initially requested, and was granted, $100 per month but subsequently filed a motion to modify said request to $400 per month.

On April 23, 1973 while the motion to modify was still pending, appellee filed an action in Tulsa, Number C–73–804, for arrearage in the support payments granted by the Tulsa court in JFRC–71–98.

On September 27, 1974 a Journal Entry was entered which found that the parties had entered into a mutual agreement whereby appellant was to pay $200 per month support until further order. All arrearage was deemed settled by the agreement. Further, the court ordered the motion to modify in JFRC–71–98 dismissed.

On January 19, 1976 appellant filed an application in C–73–804 to show cause why the support payments should not be terminated. Although appellee did not appear, a hearing was conducted and the application granted.

On March 1, appellant filed a motion in C–73–804 seeking to modify custody. A hearing was conducted without the presence of appellee and on March 9, the court entered an order which purported to change the custody of Kurt from appellee to appellant. After the order changing custody was rendered, appellant went to California, took Kurt from his school ground, without the consent of appellee, and returned to Tulsa.

On April 5, appellee filed petition for writ of habeas corpus alleging Kurt was being unlawfully detained inasmuch as the order changing custody in C–73–804 was effected without jurisdiction over the child and without actual service on appellee. The trial court issued the writ finding the court in C–73–804 was without jurisdiction to change custody, stating from the bench that the record was deficient of any showing of service upon appellee. Accordingly, the order changing custody was held to be null and void with appellant ordered to deliver the minor child to appellee.

I.

The issue raised by appellant's first contention is whether the use of habeas corpus was proper when the application for said writ was filed nine days before the appeal time ran on the order changing custody. Although appellee could have perfected an appeal from the order, we hold she was not required to do so. A writ of habeas corpus is a collateral remedy, "inde-

pendent of the legal proceeding under which the detention is sought to be justified. It is an inquiry into the legality of the detention itself." See *Application of Caldwell*, Okl., 525 P.2d 641, 642–43; *Wilkerson v. Davila*, Okl., 351 P.2d 311, 313.

Appellee challenged the legality of the change of custody by successfully asserting lack of jurisdiction and lack of service of notice. Her use of habeas corpus was entirely proper under such circumstances. Although in an adoption proceeding, the same question was raised in *Ex parte Glascock*, 130 Okl. 247, 280 P. 813–14, where the Oklahoma Supreme Court held:

> [W]here no notice of the adoption proceedings was given to the parents of the minor, such parents may attack the decree collaterally on habeas corpus for the possession of the child.

■ Appellant cites cases from the Court of Criminal Appeals for the proposition that a writ of habeas corpus may not be used as a substitute for appeal. However, even in criminal matters, the writ of habeas corpus is proper when the challenge is to the jurisdiction of the court. See *Buckner v. State*, Okl.Cr., 384 P.2d 52; *Dry v. Raines*, Okl.Cr., 377 P.2d 505.

■ Accordingly, we hold the use of habeas corpus was proper to obtain possession of the child held pursuant to an order changing custody allegedly entered without service of notice and by a court lacking jurisdiction.

## II.

■ The order changing custody in C–73–804 contained the following recital: "the Plaintiff, Roberta Waldmann, although duly served with notice of said hearing appears not." Appellant contends this recital is sufficient to withstand a collateral attack on said order on the grounds of lack of service of notice. We disagree. The Supreme Court in *Seal v. Banes*, 168 Okl. 550, 35 P.2d 704, 705, held:

Syllabus by the Court

A general finding or recital in a judgment or order of a court of record, of due service of process, or notice, is limited by and restricted to the process or notice, if any there be, actually found in the record; and the validity of the judgment or order will depend on the sufficiency of such process or notice and service thereof.

See also *Robinson v. Spittler*, 191 Okl. 278, 129 P.2d 181; *Johnson v. Hood*, 173 Okl. 108, 46 P.2d 533.

At the habeas corpus hearing, the trial judge stated: "The files in Case No. C–73–804 are absolutely devoid of any showing of notice given to the Plaintiff, Roberta Waldmann, of the proceedings which culminated in the March 9, 1976 Order which took her child away from her and placed the custody elsewhere." Without such a showing, the order rendered is void. From a review of the entire record, we agree with the above statement and holding of the trial judge.

## III.

On April 7, the trial court held in its Journal Entry of Orders on Habeas Corpus that the order changing custody in C–73–804 was in excess of the jurisdiction of the Tulsa court, setting aside the order as null and void. Appellant contends the court had continuing jurisdiction to hear the motion for change of custody based upon appellee's original petition for arrearage in support payments or upon the parties mutual agreement for support payments reflected by a journal entry in C–73–804.

The Uniform Reciprocal Enforcement of Support Act provides at 12 O.S.1971, § 1600.29: "Participating in any proceedings under this Act shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." Section 1600.20c provides, in part:

> The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by the court.

Although Oklahoma has not yet construed either of these two sections, the Court of Appeals of Arizona in *State ex rel. Arvayo v. Guerrero*, 21 Ariz.App. 173, 517

P.2d 526 (1973), commenting on the Uniform Act, has stated, in part, 517 P.2d at pages 528–29 as follows:

> [T]he purpose of the Uniform Reciprocal Enforcement of Support Act is to enable a dependent in one state to initiate proceedings in the state of her domicile for the purpose of securing money for support from a person residing in another state who is legally liable for the support of such dependent.
>
>   \*   \*   \*   \*   \*   \*
>
> The intent of A.R.S. § 12–1672 [12 O.S. 1971, § 1600.20c] is to *require that disputes over interference with visitation or custody rights be litigated* in the divorce action and *not in the reciprocal action.* (Emphasis added.)

■ Jurisdiction to change custody must be based upon some other jurisdictional basis, *not upon a cause of action for support,* or a mutual agreement entered into between the parties, pursuant to the Uniform Act. Furthermore, to have jurisdiction to redetermine the issue of custody, the conditions affecting the welfare of the child must have changed and the minor child must be lawfully domiciled in Oklahoma. See *Cox v. Paulson,* Okl.App., 534 P.2d 14; *Clampitt v. Johnson,* Okl., 359 P.2d 588; *Ex parte Miller,* 201 Okl. 499, 207 P.2d 290; 26 Okl.L.Rev. 267, 268.

■ We therefore hold that the trial court was correct in finding the change of custody order in C–73–804 null and void for two reasons: (1) the record is devoid of any showing of notice given to appellee of the hearing to modify custody; and (2) the court in C–73–804 did not have jurisdiction to change the custody of the child from appellee to appellant because it arose out of an action instituted under the Uniform Reciprocal Enforcement of Support Act. Inasmuch as the habeas corpus proceeding was the proper recourse for appellee to pursue, the trial court's issuance of said writ and the findings supportive thereof are hereby affirmed.

Appellee seeks additional attorney's fees for the purposes of this appeal, but cites no legal authority which grants same in a habeas corpus proceeding. We are unable to find any cases supporting this proposition. Accordingly, the request for attorney's fees is denied.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.