EDWIN CARL SARMAN AND LOIS ELIZABETH RABE SARMAN, AS CO-EXECUTORS OF THE ESTATE OF ELIZABETH SCHULZ RABE, AND AS GUARDIANS AND NEXT FRIENDS OF MICHAEL L. SARMAN AND PAUL ANDREW SARMAN, MINOR CHILDREN, APPELLANTS, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS; ROBERT COWLES; AND LESTER BERKSON, RESPONDENTS.

No. 13015

March 31, 1983                                      660 P.2d 990

[Rehearing denied August 24, 1983]

*George W. Abbott,* Minden, for Appellants.

*C. Nicholas Pereos,* Reno; *Lester H. Berkson,* Stateline, for Respondents.

## OPINION

*Per Curiam:*

Appellants seek to attack collaterally a probate court order confirming the sale of certain real property of the Rabe estate

to The Nature Conservancy. They suggest that errors occurred during the probate proceeding that deprived the probate court of jurisdiction to confirm the sale. We hold that none of the alleged errors affected the jurisdiction of the probate court over the sale, and we affirm the district court's order dismissing appellants' complaint.

## THE FACTS

Elizabeth Schulz Rabe died in July 1967. Her will was admitted to probate the following December. Appellants Edwin Carl Sarman and Lois Elizabeth Rabe Sarman, who were the primary beneficiaries under the will, were appointed co-executors of the estate. The assets of the estate consisted primarily of land. To satisfy a substantial federal estate tax, appellants elected to sell certain Lake Tahoe property which belonged to the estate.

The Tahoe Regional Planning Agency later gave the Tahoe property a land use classification that adversely affected its market value. Appellants were unable to sell the property. Interest on the unpaid estate tax, and on a substantial loan to the estate that was secured by the Tahoe property and that was in default, accrued rapidly. Finally, with the appellants' consent, the probate court appointed a Special Court Aide to assist appellants in finding a purchaser for the property.

After negotiations, The Nature Conservancy, a publicly-supported nonprofit corporation, agreed to purchase the property for $3,650,000. It was agreed by all the parties that title would be transferred to the U.S. Forest Service when the Congress appropriated funds to reimburse the Conservancy. The Court Aide had not complied with NRS 148.220, which requires that notice of a sale of estate property be published in a local newspaper three times during the two weeks prior to the sale.

The Court Aide filed a petition to confirm the sale. Appellants opposed the sale on various grounds and obtained a delay of the hearing on the petition so that notice of the hearing could be given to all interested parties.

Following proper notice and a contested hearing on the petition, the probate court entered an order confirming the sale. Appellants then moved for a new trial or an amendment of the order of confirmation. The motion was denied. The co-executors then deeded the Tahoe property to The Nature Conservancy, which deeded the property to the Forest Service a few months later.

After deeding the property to the Conservancy, the co-executors appealed the order denying their motion for a new trial. However, they subsequently stipulated to a dismissal of that appeal without prejudice. Thereafter, they filed an independent

action to set aside the sale of the property. On respondents' motion, the district court dismissed the complaint. This appeal followed.

## THE ORDER CONFIRMING SALE IS NOT VULNER-ABLE TO COLLATERAL ATTACK

Appellants urge that the lack of compliance with NRS 148.220[1] stripped the district court of jurisdiction to confirm the sale of the property, thus rendering the order confirming the sale void and subject to collateral attack. The statute serves two purposes: one purpose is to advertise the sale to potential bidders, *see* NRS 148.240; the second purpose is to serve constructive notice on all heirs, so that they may have the opportunity to contest the sale. Kline v. Shoup, 226 P. 729 (Idaho 1923); Lamont v. Vinger, 202 P. 769 (Mont. 1921). *See* Pease v. Stamps, 350 P.2d 965 (Okla. 1960). This latter function is important where the decedent dies intestate and not all heirs are known to the executors of the estate.

The advertising requisite does not go to jurisdiction, but rather achieves the legislative purpose of promoting competitive estate sales. On the other hand, a lack of sufficient notice to the heirs may prevent the probate court from gaining jurisdiction to confirm the sale of real property. Where the record affirmatively shows that insufficient notice was given, the order confirming the sale may be attacked in a separate proceeding as void for lack of jurisdiction. Robinson v. Spittler, 129 P.2d 181 (Okla. 1942). *See* Kline v. Shoup, *supra. Cf.* In re Hegarty's Estate, 45 Nev. 145, 199 P.81 (1921) (where notice for probate of will not published at least 10 days prior to admission of will to probate, as required by statute, order void for lack of jurisdiction and vulnerable to collateral attack).

In the case at bar the decedent died testate. The will directed that the subject property be sold to pay the estate taxes and the costs of administration. Unlike a situation involving intestate succession, the title to the property did not pass to the heirs on

---

[1] NRS 148.220 provides in relevant part as follows:

1. Notice of the time and place of sale of real property must be published in a newspaper published in the county in which the land or some portion thereof lies, if there is one so published (if none, then in such paper as the court or judge may direct) for 2 weeks, being 3 publications, 1 week apart, before the day of sale, or, in the case of a private sale, before the day on or after which the sale is to be made.

the decedent's death; moreover, all beneficiaries of the estate were known to the executors. Notice of the hearing on the proposed order confirming the sale was sent to those beneficiaries. It was at the confirmation hearing that the probate court considered the propriety and circumstances of the sale, and the court at that hearing had jurisdiction over the subject matter and all interested parties. We therefore hold that the lack of compliance with NRS 148.220 in the probate proceeding did not deprive the probate court of jurisdiction to enter the order confirming the sale. The district court properly dismissed appellants' collateral attack on the order.

Appellant's other contentions on appeal are without merit. We therefore affirm the judgment of the district court.[2]

---

[2]CHIEF JUSTICE MANOUKIAN voluntarily disqualified himself from the consideration of this case.